**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: HOLMES P. HARDEN, Trustee
in Bankruptcy.

AER-AEROTRON, INCORPORATED,
Debtor-Appellant,

No. 97-2761

v.

WACHOVIA BANK OF NORTH
CAROLINA, N.A.; TODD ELLIS; EDNA
SCHWABE,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CA-97-733-5-F, BK-93-48-5-ATS, AP-95-142-A)

Submitted: November 17, 1998

Decided: December 17, 1998

Before WILLIAMS and MOTZ, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James D. McCullough, STUBBS, PAHL & PERDUE, P.A., Raleigh,
North Carolina, for Appellant. Christopher T. Graebe, WOMBLE,

CARLYLE, SANDRIDGE & RICE, P.L.L.C., Raleigh, North Carolina; Gerald A. Jeutter, Jr., KILPATRICK STOCKTON, L.L.P., Raleigh, North Carolina; Philip A. Glass, NODELL, GLASS & HASKELL, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Aer-Aerotron, Inc., appeals from the district court's order affirming the bankruptcy court's orders granting summary judgment in favor of the Defendants. For the reasons that follow, we affirm.

Aer-Aerotron, a North Carolina corporation, was engaged in the business of selling computer equipment. In 1992, Aer-Aerotron agreed to purchase computer equipment for the Angolan government through Telcam, an Angolan company. In October, the Angolan government wired $717,410 into one of Aer-Aerotron's bank accounts with Wachovia. After deducting the amounts for the purchased equipment and related freight and other charges--and for Aer-Aerotron's commission--$332,000 remained in Aer-Aerotron's bank account from the amount originally wired from Angola. Edna Schwabe, Aer-Aerotron's general manager and authorized banking agent for Aer-Aerotron's bank accounts with Wachovia, wrote a check for $332,000, payable to "Telcam, Post Office Box 2062, Lwana, Angola." The check was not endorsed but was exchanged the same day for an official Wachovia check in the same amount, payable to "TELCAM."

This check was apparently lost and, in November, Schwabe requested that Wachovia stop payment on the check and issue a replacement check. Aer-Aerotron did not send the second official check to Telcam; rather, Aer-Aerotron gave the check directly to Tel-

2

cam's agent, Alfredo Mesquita. Mesquita, the owner and operator of Telcam, took the check to a Wachovia branch. After Schwab personally identified him for bank personnel, Mesquita directed the bank to wire the funds directly into his personal account in New York.

Aer-Aerotron filed a petition for relief under Chapter 11 of the Bankruptcy Code in January 1993. In July 1994, the case was converted to a Chapter 7 proceeding. In October 1995, Aer-Aerotron's trustee filed this action against Wachovia, Schwabe, and Todd Ellis, a salesman for Aer-Aerotron, alleging that the transfer of funds to Mesquita constituted a preferential transfer, 11 U.S.C. § 547 (1994), a fraudulent transfer, 11 U.S.C. § 548 (1994), and negligence/breach of contract under North Carolina law. The bankruptcy court, in separate orders, granted summary judgment to all Defendants. The district court affirmed and this appeal followed.

We review de novo the bankruptcy court's grant of summary judgment as affirmed on de novo review by the district court. See In re Ballard, 65 F.3d 367, 370 (4th Cir. 1995).

Aer-Aerotron first asserts that the district court erred in granting summary judgment to the defendant Wachovia because the wire transfer of funds to Mesquita was a fraudulent transfer which occurred because of Wachovia's negligence and breach of contract with Aer-Aerotron. We disagree.

The bankruptcy court properly determined that Wachovia is not liable to Aer-Aerotron for avoidable transfers under 11 U.S.C. § 547 or § 548 because, under 11 U.S.C. § 550(a) (1994), a trustee may recover avoidable transfers only from an initial transferee as defined in the statute. Wachovia is not a transferee because it did not exercise legal dominion and control over the disputed funds. See Bowers v. Atlanta Motor Speedway, Inc. (In re Southeast Hotel Properties Ltd. Partnership), 99 F.3d 151, 156 (4th Cir. 1996) ("[I]n order to constitute the `initial transferee' of property under§ 550(a) of the Bankruptcy Code, a person or entity must have exercised legal dominion and control over the property"). Wachovia was also entitled to summary judgment on Aer-Aerotron's claims alleging negligence and breach of contract as these claims are pre-empted by Federal Reserve Board Regulation J, 12 C.F.R. § 210.25(b)(2) (1998). See Donmar

3

<u>Enters. v. Southern Nat'l Bank of North Carolina</u>, 64 F.3d 944, 950 (4th Cir. 1995) ("[A]ny state causes of action based on negligence or unlawful payment [with respect to wire transfers governed by Subpart B] are pre-empted by Regulation J"). Aer-Aerotron did not raise a claim under Regulation J.

Additionally, Aer-Aerotron implies that the district court's decision affirming the bankruptcy court's grant of summary judgment in favor of Ellis and Schwabe was incorrect. Although identified in its "Statement of Issues" section of its brief filed in this court, Aer-Aerotron fails to address these claims other than a conclusory sentence in its "Summary of Argument." Accordingly, these claims are waived because Aer-Aerotron did not comply with the requirements of Rule 28(a)(4), Fed. R. App. P., that appellant's brief "shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor." <u>See Shopco Distrib. Co. v. Commanding Gen.</u>, 885 F.2d 167, 170 n.3 (4th Cir. 1989) (noting that failure to comply with terms of former version of Fed. R. App. P. 28(a)(5) constitutes waiver of asserted claims). Thus, this issue is not properly raised and we need not address it.

Therefore, we affirm the district court's order affirming the bankruptcy court's order granting summary judgment to Wachovia on all claims.

<u>AFFIRMED</u>

4